THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID BERNARD DAY, Defendant-Appellant.

Fourth District   No. 4—86—0799

Opinion filed February 3, 1988.—Rehearing denied March 4, 1988.

Scott D. Drazewski, of Luedtke, Hartweg & Turner, of Bloomington, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

David Bernard Day was charged in the circuit court of McLean County of possessing with intent to deliver cannabis (over 500 grams); delivery of cannabis (30 to 500 grams); and possession of a controlled substance, psilocybin. Day made a pretrial motion to suppress evidence based on the warrantless entry of police into his home. The motion was denied and Day was convicted following a stipulated bench trial. From the decision denying his pretrial motion, Day appeals.

On May 3, 1985, agents of the Department of State Police, Division of Criminal Investigation (DCI), were conducting an undercover drug buy. Special Agent Kathy Schappaugh met Michael Bunjan and a Mr. Gagliano, the individuals from whom she was to purchase the drugs, at a residence in Normal, Illinois, and the three then drove to an apartment building located at 702 West Virginia Street. They were followed by another DCI agent, William Willis, who was part of the surveillance team. Upon arrival, Gagliano got out of the van and went into one of the apartments. He emerged a short time later and returned to the van where Schappaugh and Bunjan were waiting. Shortly after they left, Schappaugh's vehicle was stopped and a quantity of cannabis was recovered. Bunjan and Gagliano were thereupon taken into custody. Gagliano told Willis that he got the marijuana from the defendant, David Day. He also informed Willis that Day was a student and that he had never seen a firearm at Day's apartment.

Agent Willis and several members of the surveillance team then returned to the apartment building at 702 West Virginia to recover the buy money and to arrest Day. Mr. Gagliano accompanied them back to the apartment building and pointed out to them exactly which apartment he had entered. Agent Willis then positioned himself at the rear of the residence while DCI Inspectors Robert Brandt and Marty Fogler, along with a uniformed Normal officer, Paul Lehmann, went to the front.

While Officer Lehmann remained out of sight, Inspectors Brandt

and Fogler, who were not in uniform, went to the door. Brandt knocked and Day answered. There is conflicting testimony as to whether Brandt identified himself as a police officer. Brandt asked if there was anyone else home and Day indicated that his roommate, Scott Banks, was upstairs and stepped aside. Brandt and Fogler went upstairs to get Banks, and one of the officers, again the record is not clear as to whom, let Willis in the back door. Agent Willis gave Day and Banks a consent to search form and they signed it and he read them their *Miranda* rights.

■■ The fourth amendment prohibits police from making warrantless nonconsensual entries into suspects' homes absent exigent circumstances. (*Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371.) In determining whether exigent circumstances exist, the guiding principle is reasonableness, and each case must be decided on the basis of the facts known to the officers at the time they acted. (*People v. Yates* (1983), 98 Ill. 2d 502, 515, 456 N.E.2d 1369, 1376, *cert. denied* (1984), 466 U.S. 981, 80 L. Ed. 2d 836, 104 S. Ct. 2364.) Among the factors that have been considered useful by Illinois courts in determining whether exigent circumstances exist are (1) the recentness of the offense and the need for prompt police action; (2) the absence of deliberate or unjustified delay by police during which time they could have obtained a warrant; (3) the likelihood the suspect will escape if not immediately apprehended; (4) gravity of the offense, particularly a crime of violence; (5) the suspect is reasonably believed to be armed; (6) there is a clear showing of probable cause; (7) there is a strong reason to believe the suspect is on the premises; and (8) the police entry, though nonconsensual, is made peaceably. *Yates*, 98 Ill. 2d at 515, 456 N.E.2d at 1376; *People v. Abney* (1980), 81 Ill. 2d 159, 407 N.E.2d 543.

In the present case, while Day's arrest took place almost immediately after the crime, we do not believe that there was a need for prompt police action such as would justify a warrantless entry. Day was unaware of the events that had just transpired so it is unlikely that his immediate apprehension was necessary either to prevent flight or the destruction of any evidence. Further, Day was not suspected of a crime of violence nor was there any evidence indicating that he was armed or dangerous. In fact, the officers had been told by Mr. Gagliano that Day was not armed. Viewed in their totality, we believe the facts indicate that there was no exigency which would justify a warrantless entry. Ultimately, the only things that can be argued in the State's favor are that the officers acted quickly, that they had good cause to believe Day was on the premises, and that their entry

was peaceable. To hold these factors alone sufficient to justify a warrantless entry and arrest would all but emasculate the protection afforded by the fourth amendment.

■ Citing *Segura v. United States* (1984), 468 U.S. 796, 82 L. Ed. 2d 599, 104 S. Ct. 3380, the State also argues that the consent form signed by Day constitutes an "independent source" for the evidence disclosed by the search. In *Segura,* the police entered the defendant's home without any exigent circumstances and made a warrantless arrest for a drug-related offense. While the defendant was taken downtown, police remained on the scene while a valid search warrant was obtained. The Supreme Court held that the evidence disclosed by the search was admissible despite the illegal entry and control of the premises because there was an independent source for the evidence—the valid warrant. The State argues here that the consent form, like the warrant in *Segura,* constitutes an independent source for the evidence obtained by the warrantless search.

The situation here must be distinguished from that in *Segura,* however. In *Segura,* the warrant was based wholly on information known to the officers before the illegal entry and the process of obtaining the warrant had already begun. (*Segura,* 468 U.S. at 800, 82 L. Ed. 2d at 605-06, 104 S. Ct. at 3383; see also *United States v. Satterfield* (11th Cir. 1984), 743 F.2d 827 (in which the Circuit Court of Appeals for the Eleventh Circuit held that the taint of illegality can be cured only if the police possessed or were pursuing a lawful means of discovery when the illegality occurred).) In the present case, Day's consent was not obtained until the officers had already made the illegal entry and such consent is not sufficiently attenuated from the illegality as to remove the taint.

The judgment of the circuit court of McLean County is reversed and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

HARRISON, P.J., and LEWIS, J., concur.