**Frankie McCOO, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 17366.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 23, 1992.

Brad B. Baker, Columbia, for appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

On June 5, 1992, this Court filed an opinion reversing an order of the Circuit Court of Laclede County and remanding this case to that court for further proceedings. On June 29, 1992, this Court denied the State's motion for rehearing or, in the alternative, for transfer to the Supreme Court of Missouri. The State then filed an application for transfer with the Supreme Court of Missouri. It sustained the application September 22, 1992. On November 24, 1992, the State filed in the Supreme Court a "Motion to Reconsider Transfer and Reinstate Appellate Court's Opinion." On December 18, 1992, the Supreme Court entered the following order: "[The State's] motion to reconsider transfer and reinstate appellate court's opinion sustained, and cause ordered retransferred to the Missouri Court of Appeals, Southern District." With the addition of this paragraph, our original opinion is readopted. It appears hereunder.

\* \* \*

The snarls in this action under Rule 24.-035, Missouri Rules of Criminal Procedure (1990), defy abbreviated description, hence a chronological account of its history is required.

January 26, 1990. Frankie McCoo appears in the Circuit Court of Laclede County with his lawyer and pleads guilty to stealing. The judge accepts the plea and, pursuant to a plea agreement, imposes a sentence of five years' imprisonment in the Department of Corrections.

June 1, 1990. Utilizing Criminal Procedure Form No. 40 (of which more later), McCoo, henceforth referred to as "Movant," commences the instant action in the Circuit Court of Laclede County by filing a pro se motion to vacate the judgment and sentence. As grounds for relief, the motion pleads ineffective assistance of counsel, "insufficient grounds" for the charge, and other claims.

November 19, 1990. Appointed counsel files amended motion for post-conviction relief on Movant's behalf, incorporating al-

legations of pro se motion and adding new averments of ineffective assistance of counsel.

*December 21, 1990.* The Circuit Court of Laclede County ("the motion court") makes this docket entry: "Court Reviews Record and Orders Petition Dismissed." This appeal follows.

*May 13, 1991.* We note the record on appeal contains no findings of fact and conclusions of law as required by Rule 24.035(i), and enter order (a) holding appeal in abeyance, and (b) directing the motion court to prepare findings of fact and conclusions of law.

*November 25, 1991.* Motion court files findings of fact and conclusions of law. They read, in pertinent part:

. . . .

2. [Movant's] Pro Se Motion was filed June 1, 1990, and Amended Motion on November 19, 1990, incorporating all allegations in Pro Se motion. . . .

3. That Movant states in his motion that he was convicted on January 26, 1990, and delivered to Department of Corrections on January 26, 1990.

4. Motion for Post Conviction Relief was filed by Movant more than 90 days after he was delivered to custody of Department of Corrections.

### Conclusions

. . . .

2. Rule 24.035 requires convicted and sentenced Movant must file for relief within 90 days from date he was committed to Department of Corrections.

3. Movants [sic] failure to file for relief under Rule 24.035, as set out in Movant's own pleadings, is a complete waiver of his right to proceed under Rule 24.035.

. . . .

On the basis of these findings and conclusions, the motion court denies relief.

*February 10, 1992.* Movant, by appointed counsel, files brief presenting two points relied on, which read:

### I.

The motion court clearly erred in summarily denying [Movant's] motion for postconviction relief as untimely filed because the absolute filing deadline imposed by Rule 24.035(b) operated to deny [Movant] the right to due process of law guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, sections 10 and 14 of the Missouri Constitution in that the absolute filing deadline arbitrarily denied [Movant] relief because the Rule makes no provision for late filing of a postconviction relief motion for good cause shown and Rule 24.035 provides the exclusive means, for a person under detention pursuant to felony convictions in Missouri, to attack the constitutionality of that detention as guaranteed by the right to habeas corpus pursuant to Article 1, section 12 of the Missouri Constitution.

### II.

The hearing court clearly erred in dismissing [Movant's] postconviction motion without an evidentiary hearing for failure to timely file said motion, because the time limitations imposed by Rule 24.-035(b) violate the prohibition against the suspension of the writ of habeas corpus in Article I, section 12 of the Missouri Constitution, in that, by the language of the Rule, failure to comply with the time limitations stated therein constitutes a complete waiver of the right to proceed under the Rule and yet the Rule provides the exclusive procedure for seeking relief for constitutional, jurisdictional or sentencing errors.

*March 30, 1992.* State files brief citing decisions of the Supreme Court of Missouri which, according to the State, refute Movant's two points.

*April 14, 1992.* Movant files two motions with us, one of which seeks leave to "supplement" his brief. The motion avers records of the Department of Corrections indicate he was delivered there March 28, 1990, not January 26, 1990, as found by the motion court. The motion points out that if

the March 28, 1990, date be correct, Movant's pro se motion of June 1, 1990, was timely, as it was filed within 90 days after his delivery to the Department of Corrections. The motion prays that Movant be allowed to supplement his brief by calling these facts to our attention. The second motion filed by Movant April 14, 1992, seeks leave to supplement the record on appeal by filing a purported "commitment record of the Department of Corrections." That document bears an entry which, according to Movant, shows he was received at the Department of Corrections on March 28, 1990. We ordered both motions taken with the case. Movant's reply brief, filed simultaneously with his two motions of April 14, 1992, contains an "argument" asserting the motion court clearly erred in denying relief without an evidentiary hearing. The argument maintains the pro se motion was timely filed, as evidenced by the document attached to the motion for leave to supplement the record.

May 18, 1992. Movant files a third motion with us. This motion prays us to remand the case to the motion court "for factual findings as to the date when [Movant] was delivered to the Missouri Department of Corrections." The motion avers the information that Movant was delivered there March 28, 1990, came to the attention of his lawyer after the filing of Movant's February 10, 1992, brief. We ordered the motion taken with the case.

The State correctly points out that none of the three motions Movant has filed with us pertain to either of the points relied on in his brief (quoted earlier). The State adds that the document purportedly showing Movant was delivered to the Department of Corrections March 28, 1990, was not presented to the motion court.

We begin our effort to unscramble this legal omelette by recognizing we are barred from considering the document referred in the last sentence of the preceding paragraph, as it was never presented to the motion court. *State v. Keely,* 791 S.W.2d 864, 868[8] (Mo.App.1990). Accordingly, Movant's motion of April 14, 1992, to supplement the record on appeal is denied.

We next note that, contrary to the motion court's finding number "3" (quoted earlier), neither Movant's pro se motion nor his amended motion states he was delivered to the Department of Corrections on January 26, 1990.

On that subject, we observe that Movant's pro se motion was prepared on a printed form conforming to Criminal Procedure Form No. 40 as it appears on pages 189–92, Missouri Rules of Court (West 1990). As published there, Form 40 contains a section numbered 4 which requires a movant to set forth the date upon which sentence was imposed and the terms of the sentence. In section 4 of his pro se motion, Movant inserted: "January 26, 1990—five (5) years."

Criminal Procedure Form No. 40 was amended April 10, 1990. *See:* Pages 204–07, Missouri Rules of Court (West 1991). In the amended Form 40, section 4 appears thus:

(a) The date upon which sentence was imposed and the terms of the sentence:

_____

_____

(b) The date upon which you were delivered to the custody of the department of corrections to serve the sentence you wish to challenge.

As reported earlier, Movant filed his pro se motion June 1, 1990, 52 days after the effective date of amended Form 40. However, Movant utilized the earlier Form 40, not the amended Form 40. We surmise this is because the amended Form 40 did not appear in Missouri Rules of Court until the 1991 edition.

In any event, neither Movant's pro se motion nor his amended motion—the latter was not on a printed form—contains any averment supporting the motion court's finding that Movant was delivered to the Department of Corrections on January 26, 1990. We have searched the record, but found no support for that finding.

█ A cardinal rule of appellate review is that the questions for decision are those stated in the points relied on, and a ques-

tion not there presented will be considered abandoned on appeal and no longer an issue in the case. *Pruellage v. De Seaton Corp.,* 380 S.W.2d 403, 405[3] (Mo.1964); *Engel v. Stone,* 798 S.W.2d 517, 518 (Mo. App.1990); *Nelson v. City of Chester, Ill.,* 733 S.W.2d 28, 29 (Mo.App.1987).

We are thus confronted here by an appeal in which the basis of the motion court's denial of relief has no demonstrable factual support, yet such flaw is not raised by either of the points relied on in Movant's brief. Additionally, our review is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Wilson v. State,* 813 S.W.2d 833, 835[5] (Mo. banc 1991).

■ Given these circumstances, we have concluded this appeal calls for the plain error rule. Rule 84.13(c), Missouri Rules of Civil Procedure (1992), reads:

Plain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

Although found in the Rules of Civil Procedure, Rule 84.13(c) has been invoked for plain error review in appeals in postconviction proceedings. *Hoffman v. State,* 816 S.W.2d 930, 931–32[4] (Mo.App.1991); *Turner v. State,* 784 S.W.2d 342, 343–44[2] (Mo.App.1990); *Chaney v. State,* 757 S.W.2d 226, 229[8] (Mo.App.1988). In that regard, former Rule 27.26(a) (repealed effective January 1, 1988) provided that the procedure before the trial court and on appeal is governed by the Rules of Civil Procedure insofar as applicable. Present Rules 24.035(a) and 29.15(a) provide that the procedure before the trial court is governed by the Rules of Civil Procedure insofar as applicable.

There is also a plain error rule in the Rules of Criminal Procedure (1992). Rule 30.20 reads, in pertinent part:

... Whether briefed or not, plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

Thus, we can review here for plain error regardless of whether the applicable rule is 30.20 (criminal) or 84.13(c) (civil).[1]

It is inferable the motion court assumed that because Movant was sentenced January 26, 1990, he was delivered to the custody of the Department of Corrections that date or soon afterward. However, we find no support for such an assumption in the record. Indeed, it is barren of any clue as to when delivery occurred.

We hold it is a manifest injustice and a miscarriage of justice where, as here, (1) a circuit court denies relief in a post-conviction proceeding on the ground that the motion was untimely, and (2) the record contains no support whatever for that finding. Such a finding, absent any evidentiary support, is clearly erroneous.

Consequently, we must reverse the motion court's order denying relief and remand the case to the motion court for further proceedings. On remand, there should be proof available to establish the date Movant was delivered to the custody of the Department of Corrections.[2] Such proof will demonstrate whether Movant's pro se motion was timely, i.e., filed within 90 days after delivery. Rule 24.035(b).

Nothing in this opinion shall bar the motion court from denying relief on the ground that the pro se motion was untimely if the evidence supports such an adjudication.

If, however, the motion court finds the pro se motion was timely, the motion court

---

1. At least one civil rule, 55.33(b), has been held inapplicable in a post-conviction proceeding under Rule 29.15. *Rohwer v. State,* 791 S.W.2d 741, 743–44[5] (Mo.App.1990).

2. Section 217.305.1, RSMo Cum.Supp.1989, provides that the sheriff or other officer delivering a prisoner to the Department of Corrections for confinement shall receive a certificate of delivery of the prisoner from the reception and diagnostic center. Presumably, the officer who delivered Movant from Laclede County to the Department of Corrections received such a certificate showing the date of delivery.

must also determine whether the amended motion was filed within the time required by Rule 24.035(f). We need not, and do not, express any view on that subject.

After resolving the timeliness questions, the motion court should then determine whether an evidentiary hearing is required. This, of course, will depend on what grounds for relief, if any, have been timely pled by Movant.

By reason of our holdings in this opinion, Movant's motion of April 14, 1992, to supplement his brief, and his motion of May 18, 1992, to remand to the motion court for findings as to the date when he was delivered to the Department of Corrections are moot.

The order of the motion court denying relief is reversed, and the case is remanded to the motion court for further proceedings consistent with this opinion.

PREWITT, P.J., and PARRISH, J., concur.