James Darrell **STEPHENS**, Appellant,

v.

**STATE of Missouri**, Respondent.

No. 18244.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 3, 1993.

Ellen H. Flottman, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

A jury found Movant, James Darrell Stephens, guilty of capital murder, and he was sentenced to life imprisonment without probation or parole for at least fifty years. This Court affirmed the conviction on direct appeal. *State v. Stephens*, 672 S.W.2d 714 (Mo. App.S.D.1984).

Movant thereafter filed a motion to vacate the conviction per Rule 29.15, Missouri Rules of Criminal Procedure (19th ed. 1988). It was followed by two amended motions. After an evidentiary hearing, the motion court issued findings of fact and conclusions of law, and denied relief.

Movant appeals. His sole point relied on avers the motion court erred in rejecting his claim that he received ineffective assistance of counsel from the lawyer who represented him at trial ("defense counsel"). Movant maintains defense counsel was ineffective in that he: "(A) failed to obtain a psychological evaluation of [Movant] or present a defense of diminished capacity; and (B) failed to investigate [Movant's] alibi defense sufficiently to discover that the television program on which the alibi was based aired at 11:07 p.m. rather than 12:30 a.m." We address the contentions in the order presented.

In the motion court, Movant presented testimony by a psychologist who interviewed him an hour and a half the day before the evidentiary hearing. The only other information the psychologist had was (1) an earlier phone conversation with Movant, (2) "feedback" from the lawyer who represented Movant in the motion court, (3) conversations with two people on the day of the evidentiary hearing regarding their contact with Movant the day of the murder and the day after, and (4) the opinion of this Court in the direct appeal and part of the trial transcript.

The psychologist quoted Movant as saying he was extremely drunk on the date of the murder, having ingested whiskey, Valium and marijuana. According to the psychologist, Movant's last recollection that date was being in a bar, and his next recollection was awakening the following morning. The psychologist said Movant professed no memory of what happened during that interval. Parenthetically, we note this is inconsistent with Movant's testimony at trial. There, Movant recounted he left Reeds Spring in an automobile with Hollis Freeman and "Tail" Johnson. 672 S.W.2d at 716. Movant testified he remembered "waking up on the way to Crane" and Freeman was driving. *Id.*

The psychologist was asked if he could formulate an opinion about whether Movant "suffered from diminished capacity" at the time of the murder. The psychologist replied Movant's account was consistent with an alcoholic blackout, thus it is possible Movant could have had "some degree of diminished capacity at the time of the alleged offense." However, the psychologist conceded there was no indication Movant was impaired by mental illness or defect at the time of the murder, and Movant's account "could also be consistent with malingering." Asked to define that, the psychologist replied, "It's a making up of symptoms or the exaggeration of symptoms to evade the consequences of one's acts...." The psychologist acknowledged he could not refute that possibility.

Defense counsel, called as a witness by Movant at the evidentiary hearing, testified he concluded alibi was the best defense. Defense counsel recounted he discussed diminished capacity with Movant, but had they chosen to assert it, Movant would have had to admit the homicide, which would have been inconsistent with his proclaimed innocence.

The motion court, in its findings of fact, carefully reviewed the psychologist's testimony. The motion court found:

Experienced trial counsel in this case made a strategic choice to proceed on the theory of alibi and not diminished capacity nor as a result of intoxication or substance abuse. At this hearing Movant's expert did not even establish that Movant suffered diminished capacity or voluntary intoxication which effected [sic] his intent.

The defense of alibi was well reasoned, investigated and presented to Movant prior to offering it at the trial....

The Court concludes as a matter of Law that experienced trial counsel in this case used the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and that Movant was therefore not prejudiced.

■ Appellate review of the motion court's denial of postconviction relief is limited to a determination of whether the findings and conclusions of that court are clearly erroneous. Rule 29.15(j); *State v. Ervin*, 835 S.W.2d 905, 928 (Mo. banc 1992), *cert. denied*, ⎯ U.S. ⎯, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993). Such findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Id.*, 835 S.W.2d at 928.

■ Counsel is afforded broad latitude as to questions of trial strategy. *State v. Davis*, 814 S.W.2d 593, 603 (Mo. banc 1991), *cert. denied*, ⎯ U.S. ⎯, 112 S.Ct. 911, 116 L.Ed.2d 812 (1992). A court will not find ineffective assistance where the conduct complained of by the prisoner involves counsel's use of reasonable discretion in a matter of trial strategy. *State v. White*, 798 S.W.2d 694, 698[9] (Mo. banc 1990). It is only the exceptional case where a court will hold a strategic choice unsound. *State v. Heslop*, 842 S.W.2d 72, 77 (Mo. banc 1992).

■ Here, the murder occurred in Reeds Spring. *Stephens*, 672 S.W.2d at 715. At Movant's trial, defense counsel attempted to show that at the time of the murder, Movant was at a middle-of-the-night party at Crane in the presence of other defense witnesses. *Id.* at 716. The motion court found defense counsel's strategic choice of alibi instead of diminished capacity was well reasoned and did not constitute ineffective assistance. That finding is not clearly erroneous. Indeed, it is firmly supported by the evidence. As noted by the motion court, the psychologist's testimony did not demonstrate the defense of diminished capacity could have been successfully asserted. Part "A" of Movant's point relied on is denied.

■ Movant concedes the claim of ineffective assistance asserted in part "B" of his point relied on was not pled in any of the motions he filed in the motion court. However, citing *McCoo v. State*, 844 S.W.2d 565 (Mo.App.S.D.1992), Movant asks us to give the claim "plain error review."

In *McCoo*, a motion for postconviction relief was denied on the ground it was not filed within ninety days after the prisoner was delivered to the Department of Corrections and was therefore untimely. *Id.* at 566. Although nothing in the record supported that determination, the prisoner did not raise the issue in his brief. *Id.* at 566–67. After briefing was completed, the prisoner attempted to raise the issue by tendering a document which, according to him, demonstrated his motion was timely. *Id.* at 567. Confronted by that situation, this Court held it was plain error to deny a motion for postconviction relief as untimely where the record contained no support whatever for such a finding. *Id.* at 568. This Court reversed the order denying relief and remanded the case for a determination of the date when the prisoner was delivered to the Department of Corrections. *Id.* at 568–69.

In the instant case, the State maintains that because the claim of ineffective assistance asserted in part "B" of Movant's point relied on was not pled in the motion court, it is procedurally barred and cannot be raised in this appeal. The State is correct. *State v. Mease*, 842 S.W.2d 98, 114[35] (Mo. banc 1992); *State v. Perry*, 820 S.W.2d 570, 575[12, 13] (Mo.App.E.D.1991); *Blakely v. State*, 795 S.W.2d 570, 572[1] (Mo.App.S.D. 1990).

*McCoo* does not aid Movant. In *McCoo*, the prisoner did not attempt to raise on appeal a *ground for relief* not pled in the motion court. The problem in *McCoo* was that the motion court held the prisoner's motion was untimely when nothing in the record supported that ruling. Reversal in *McCoo* was not for plain error in denying relief on an unpled ineffective assistance claim, but instead because the motion court held the motion was time-barred—a holding

unrelated to the merit of any ground for postconviction relief.

Because the claim of ineffective assistance of counsel set forth in part "B" of Movant's point relied on does not appear in any of Movant's motions in the motion court, it is barred and cannot be asserted in this appeal.

The order of the motion court denying relief is affirmed.

FLANIGAN, P.J., and GARRISON, J., concur.