Tommy J. MARTIN, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. 66212.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 28, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 3, 1995.

Dave Hemingway, Asst. Public Defender,
St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen.,
Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Presiding Judge.

Movant appeals the denial, without an evidentiary hearing, of his Rule 24.035 motion for post-conviction relief. We reverse and remand.

On June 17, 1993, movant was indicted in cause No. 93CR–001396 for stealing $150 or more, § 570.030, RSMo 1986. On July 23, 1993, movant was again indicted in cause No. 93CR–003384 for Count I—stealing a credit card, § 570.030, RSMo 1986; Count II—stealing $150 or more, § 570.030, RSMo 1986; and Count III—resisting arrest, § 575.150, RSMo 1986. Movant pled guilty to all four counts. The court sentenced movant as a persistent offender to thirteen years of imprisonment on each stealing count and one year for the resisting arrest count, the sentences to run concurrently.

On February 16, 1994, movant filed. a *pro se* Rule 24.035 motion on a Criminal Procedure Form No. 40.[1] In this motion, he alleged he was sentenced on December 3, 1993. The motion court appointed post-conviction

1. Criminal Procedure Form No. 40 was amended April 10, 1990, to include an entry blank for the date the movant was delivered into the custody of the Department of Corrections. (For a more thorough discussion of this amendment *see* *McCoo v. State*, 844 S.W.2d 565, 567 (Mo.App. S.D.1992)). The Form 40 filed by movant must have been a predecessor to the April 10, 1990, amended form, because it does not include a section for the movant to enter the date of delivery.

counsel and granted movant's motion for an extension of time for filing an amended Rule 24.035 motion. On April 7, 1994, the state filed a motion to dismiss movant's Rule 24.035 motion as untimely. The state's motion alleged movant was received by the Department of Corrections on November 16, 1993; that Rule 24.035 requires a petition be filed no later than ninety days after a movant is received by the Department of Corrections; and further alleged his motion was not timely as it was filed ninety-two days following his delivery to the Department of Corrections. The state attached to its motion a "Certified Transcript of Serial Record" from the Farmington Correctional Center. This document lists his "date of sentence" as "3–14–80; 11–16–93". It states his "received date" as "3–18–80 Conditional Release 7–29–91; Returned C.R. Violator 9–16–93".

The following entry appears in the motion court's minutes dated April 19, 1994:

> Cause called for conf. regarding state's mtn.—Parties appear by counsel. Steve MacDonnell for state Michael Kramer for movant. Arguments heard as to issues raised. Resp.'s mtn./proposed order filed 4/7/94 granted. Movant's mtn denied as untimely. Order filed.

█ Our review is limited to determining whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 24.035(j); *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). Such findings and conclusions are deemed clearly erroneous if upon review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Id.*

Movant's principal point is that the motion court:

> erred in summarily dismissing [movant's] motion on the basis of the serial record from Farmington since the record shows only that [movant] was sentenced on November 16, 1993 and does not show the date on which he was received back in the Department of Corrections. The existing record does not document the date of [movant's] delivery to the Department of Corrections and does not conclusively refute the apparent assertion in his pro se motion that he was delivered to the De-

partment of Corrections on December 3, 1993. [The motion court's] dismissal lacks any evidentiary basis. At worst, the case should be remanded for a full hearing on the issue of when [movant] was delivered to the Department of Corrections.

In this appeal, movant relies on the Southern District case of *McCoo v. State*, 844 S.W.2d 565 (Mo.App.S.D.1992). In *McCoo*, the appellate court reversed the dismissal for untimeliness of McCoo's Rule 24.035 motion. Neither McCoo's *pro se* motion nor his amended motion stated when he was delivered to the Department of Corrections. As here, the amended Form 40 (which includes a section for date of delivery) was in effect; however, McCoo filed a previous version of the Form which lacked this section. Fifty-two days had elapsed between the effective date of the amended Form 40 and the date he filed his motion. The Southern District surmised the amended Form 40 had not appeared in the Rules until after McCoo had filed. In part relying on the short time between the amended Form 40's effective date and the McCoo's filing date, the appellate court reversed the dismissal of his motion despite his failure to plead the date of his delivery into the custody of the Department of Corrections. The case was remanded for a hearing to determine when delivery occurred.

The state relies on the Western District case of *Lestourgeon v. State*, 837 S.W.2d 588 (Mo.App.W.D.1992). In *Lestourgeon*, the appellate court reviewed *McCoo* and stated:

> Certain facts of *McCoo* differ from this case in significant respects. McCoo filed his pro se motion 52 days after the effective date of the 1990 amendment to Criminal Procedure Form No. 40 and months before the publication of the entire form in the Missouri Rules of Court. Appellant filed 16 months after the effective date and after publication of Form 40. In McCoo's case, the motion court dismissed without stating reasons. The findings after remand stated that McCoo was delivered to custody on the date of sentencing. In contrast, appellant appeared personally before the motion court and was specifically advised that his motion was untimely for

failure to file within 90 days of delivery to custody. McCoo produced evidence, albeit in the improper forum, correcting the date of his delivery to custody and supporting timely filing. Appellant made no attempt to show the correct date of his delivery to custody.

*Id.* at 590. The appellate court affirmed the dismissal of Lestourgeon's motion as untimely where he failed to allege the date of his delivery to the Department of Corrections. The appellate court held a movant has the burden of both pleading and proving the timeliness of the motion:

█ Demonstration of timely filing of the pro se motion is a condition precedent to pleading a claim for postconviction relief. *See* Rule 24.035(b). The 1990 amendment to Criminal Procedure Form No. 40 requires pleading the date of delivery to custody to enable determination of timeliness from the face of the pro se motion. One seeking postconviction relief must file a pro se motion substantially in the form of the applicable Criminal Procedure Form No. 40. Rule 24.035(b).

*Id.* at 591.

█ Here, we can not say movant's *pro se* petition was defective. For purpose of Rule 24.035, delivery to the Department of Corrections for a sentence can not occur until that sentence has been imposed. From movant's allegation that he was not sentenced until December 3, 1993, it can be inferred his February 16, 1994, filing was within the ninety day limit of his delivery to the Department of Corrections.

The transcript of the guilty plea reveals movant was sentenced on November 16, 1993. In its motion to dismiss, the state asserted that movant was delivered on November 16, 1993; this assertion is not supported by the record.

We reverse the order of the motion court and remand for further proceedings. On remand, the motion court shall conduct a hearing in which parties can present evidence concerning the date of delivery. Such proof should show if the *pro se* motion was timely filed. *See McCoo*, 844 S.W.2d at 568–69. If not timely, the court shall dismiss the motion. If timely, the court shall proceed and make a determination whether an evidentiary hearing is required.

The order of the motion court denying relief is reversed, and the case is remanded to the motion court for further proceedings consistent with this opinion.

GARY M. GAERTNER and CRAHAN, JJ., concur.