**Danny AINSWORTH, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 20587.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 8, 1996.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Fernando Bermudez, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

Pursuant to a plea agreement, Appellant pled guilty to a felony and received a ten-year prison sentence. He thereafter commenced this proceeding under Rule 24.035[1] to vacate the judgment and sentence. The motion court denied relief after an evidentiary hearing. This appeal followed.

Appellant's sole point relied on avers the motion court erred in denying relief in that Appellant received ineffective assistance from the lawyer who represented him when he pled guilty ("plea counsel"). Appellant maintains plea counsel was derelict in "[waiving] Appellant's right to a dismissal of the charges against him by failing to object to a trial date beyond the 180 day limit imposed by section 217.490 *et seq.* and Appellant's plea was therefore not freely, voluntarily, and intelligently entered."

With admirable candor, Appellant's lawyer in this appeal concedes the claim of ineffective assistance set forth in the point relied on was not pled in the motion court. Nonetheless, insists Appellant, this court "can review this question for plain error." In support of

that hypothesis, Appellant cites *McCoo v. State,* 844 S.W.2d 565 (Mo.App. S.D.1992).

Appellant misreads *McCoo.* In *Stephens v. State,* 864 S.W.2d 944, 946 (Mo.App. S.D. 1993); this court carefully articulated the unique facts necessitating plain error review in *McCoo:*

"In *McCoo,* a motion for postconviction relief was denied on the ground it was not filed within ninety days after the prisoner was delivered to the Department of Corrections and was therefore untimely. [844 S.W.2d] at 566. Although nothing in the record supported that determination, the prisoner did not raise the issue in his brief. *Id.* at 566–67. After briefing was completed, the prisoner attempted to raise the issue by tendering a document which, according to him, demonstrated his motion was timely. *Id.* at 567. Confronted by that situation, this Court held it was plain error to deny a motion for postconviction relief as untimely where the record contained no support whatever for such a finding. *Id.* at 568. This Court reversed the order denying relief and remanded the case for a determination of the date when the prisoner was delivered to the Department of Corrections." *Id.* at 568–69.

The difference between *McCoo* and the present appeal is obvious. Here, Appellant is attempting to raise in this court a ground for relief he did not plead in the motion court. The State correctly points out that because Appellant did not plead that ground in the motion court, it is procedurally barred and cannot be raised on appeal. *State v. Gray,* 887 S.W.2d 369, 386[40] (Mo. banc 1994), *cert. denied,* — U.S. —, 115 S.Ct. 1414, 131 L.Ed.2d 299 (1995).

The situation in *Stephens* was identical to the situation here. In *Stephens,* a prisoner endeavored to utilize *McCoo* to enable the prisoner to assert on appeal a claim of ineffective assistance of counsel he failed to

---

1. The current (1996) version of Rule 24.035(m) provides that where sentence is pronounced prior to January 1, 1996, postconviction relief shall be governed by the version of Rule 24.035 in effect on the date the motion seeking such relief was filed or December 31, 1995, whichever is

earlier. Appellant was sentenced December 28, 1994, and filed his motion for post-conviction relief February 9, 1995, hence the version of Rule 24.035 in Missouri Rules of Criminal Procedure (1995) applies here.

plead in the motion court. In *Stephens*, this court held:

"*McCoo* does not aid Movant. In *McCoo*, the prisoner did not attempt to raise on appeal a *ground for relief* not pled in the motion court. The problem in *McCoo* was that the motion court held the prisoner's motion was untimely when nothing in the record supported that ruling. Reversal in *McCoo* was not for plain error in denying relief on an unpled ineffective assistance claim, but instead because the motion court held the motion was time-barred—a holding unrelated to the merit of any ground for postconviction relief.

Because the claim of ineffective assistance of counsel set forth in ... Movant's point relied on does not appear in any of Movant's motions in the motion court, it is barred and cannot be asserted in this appeal."

864 S.W.2d at 946–47.

The present appeal is governed by *Stephens*. Because Appellant's claim of ineffective assistance was not pled in the motion court, he cannot raise it here. Inasmuch as Appellant assigns no other error, we affirm the motion court's denial of relief.

PARRISH and SHRUM, JJ., concur.