**Tonya SHARP, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 70431.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 31, 1996.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. Nixon, Attorney General, Cheryl A. Caponegro, Assistant Attorney General, Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Tonya Sharp ("movant"), appeals the judgment of the Circuit Court of the County of St. Louis dismissing her Rule 24.035 motion for post-conviction relief as untimely filed. We affirm.

On September 11, 1995, movant pled guilty to first degree assault, stealing, and sale of a controlled substance. She was sentenced on that date to three concurrent terms of seven years imprisonment for the three respective offenses. On December 21, 1995, movant filed a *pro se* Rule 24.035 motion alleging various instances of ineffective assistance of counsel and alleging the time limitations of Rule 24.035 are unconstitutional. Movant stated she was sentenced on September 11, 1995, but did not set forth the date on which she was delivered to the Missouri Department of Corrections.[1] She was appointed counsel who filed a statement in lieu of an amended motion. This statement failed to correct movant's oversight as to the date she was committed to the Missouri Department of Corrections. On March 12, 1996, the state filed a motion to dismiss movant's motion as untimely, averring movant had been received into custody on September 14, 1995.[2] The motion court granted the state's motion, and this appeal followed.

On appeal, movant contends the motion court erred in dismissing her motion because nothing in the record supports the state's assertion she was received into custody on September 14, 1995. Movant urges this court to reverse and remand her case for a determination of the date when movant was delivered into custody pursuant to our holding in *Martin v. State,* 895 S.W.2d 602, 604 (Mo.App. E.D.1995).

In *Martin,* the movant filed his Rule 24.035 motion on February 16, 1994. *Id.* at 602. Although he did not use the amended Form 40, and otherwise failed to allege the specific date he was delivered into custody, he did allege he was sentenced on December 3, 1993. *Id.* This court concluded the movant's motion was not defective because:

> For purpose of Rule 24.035, delivery to the Department of Corrections for a sentence can not occur until that sentence has been imposed. From movant's allegation that he was not sentenced until December, 3, 1993, it can be inferred his February 16, 1994, filing was within the ninety day limit of his delivery to the Department of Corrections.

*Id.* at 604. Thus, we concluded the defendant had sufficiently met his burden of showing his motion was timely filed. As the state failed to offer evidence rebutting the mov-

---

1. Form 40 was amended in April of 1990. The amendment added line 4(b) which requires a movant to allege the date of his or her delivery to the Department of Corrections.

2. Motions filed pursuant to Rule 24.035 must be filed within 90 days after the movant's delivery to the Missouri Department of Corrections. Rule 24.035(b). Failure to comply with these time limits is deemed a waiver of one's rights under the rule. *Id.*

ant's allegation, remand was appropriate. *See id.*

■ *Martin* is distinguishable from the instant case, and therefore offers no guidance. Here, movant alleged she was sentenced on September 11, 1995. Her *pro se* motion was filed on December 21, 1995, a hundred and one days after said sentencing date. Unlike *Martin,* the sentencing date alleged by movant does not allow us to infer she filed her motion within ninety days of her delivery into custody.

■ Rule 24.035(b) requires a movant to file a motion substantially in compliance with the applicable Criminal Procedure Form No. 40. The current Criminal Procedure Form No. 40 requires a movant to plead the date he or she was delivered to the Department of Corrections. "Demonstration of timely filing of the pro se motion is a condition precedent to pleading a claim for postconviction relief." *Lestourgeon v. State,* 837 S.W.2d 588, 591 (Mo.App. W.D.1992). Here, not only did movant's motion fail to conform to the applicable Form 40, nothing in movant's pleading demonstrated it was timely filed. Therefore, whether the state offered sufficient evidence as to when movant was delivered into custody is irrelevant. We find that, because movant failed to sustain her initial burden of proving the timeliness of her motion, the motion court did not clearly err in dismissing her claim.

For her second point on appeal, movant asserts the ninety-day time limit for the filing of Rule 24.035 motions is unconstitutional. This claim has been repeatedly rejected by the Missouri Supreme Court. *Day v. State,* 864 S.W.2d 24, 25 (Mo.App. S.D.1993).

Based on the foregoing, the judgment of the motion court is affirmed.

DOWD, P.J., and REINHARD, J., concur.