Charles **WHITNEY**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 72758.

Missouri Court of Appeals,
Eastern District,
Division One.

May 26, 1998.

David C. Hemingway, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine B. Chatman, Asst. Atty. Gen., St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Charles Whitney ("movant"), appeals the judgment of the Circuit Court of the City of St. Louis dismissing his Rule 24.035 motion for post-conviction relief as untimely. We reverse and remand.

On November 19, 1984, movant pleaded guilty to first degree robbery in violation of RSMo section 569.020 (1978). The trial court sentenced him to twenty years of imprisonment in the Missouri Department of Corrections. At the time of sentencing, movant was serving a twenty-five year sentence in a federal penitentiary on an unrelated federal case. The trial court ordered his Missouri sentence to be served consecutively to his federal sentence. The trial court explained to movant he would not begin serving his Missouri sentence until he was released from federal custody.

Movant filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035 on August 30, 1996. In paragraph 4B of his motion, movant alleged he was delivered to the Department of Corrections on June 5, 1995. In addition, movant attached eleven pages of pleading to his motion. In conflict with paragraph 4B of his motion, in paragraph four of the attachment, movant alleged he completed his federal sentence on June 4, 1996, and was delivered to the Missouri Department of Corrections on June 5, 1996.

On September 18, 1996, the state filed an amended motion to dismiss alleging movant was delivered to the Missouri Department of Corrections on June 5, 1995, and therefore, his Rule 24.035 motion was untimely because it was not filed within ninety days of his delivery. The state attached no supporting documents or affidavits to its motion. On September 19, 1996, the motion court appointed the public defender's office to represent movant. On October 17, 1996, the public defender's office was granted leave to withdraw, and a special public defender entered her appearance on October 18, 1996. Ten days later, on October 28th, the special public defender filed an abbreviated response to the state's motion to dismiss contending only that the time limits of Rule 24.035 were unconstitutional. The special public defender failed to file an amended motion to mov-

ant's *pro se* motion and made no further filings.

On November 11, 1996, movant filed a motion to disqualify his attorney based on perceived conflicts of interest. On November 21, 1996, movant filed a *pro se* first amended motion. In paragraphs one and two of that motion, movant alleges he was received by the Missouri Department of Corrections at Fulton, Missouri on June 5, 1996, and his motion filed on August 30, 1996, was timely. Movant attached to his *pro se* motion a copy of his Sentence and Judgment from his 1984 conviction which is stamped "Received June 05 1996 Division of Classification and Treatment Diagnostic Center."

Movant filed a copy of a letter he wrote to his attorney on December 2, 1996, wherein he again refers to a date of June 5, 1996, as his date of delivery. He then filed a motion to strike his attorney's pleading filed in response to the state's motion to dismiss. No further filings or docket entries appear for five months. Then, on May 9, 1997, the motion court entered an order dated October 17, 1996, summarily dismissing movant's motion as untimely. On May 21, 1997, movant filed a motion for reconsideration of the motion court's order, stating he was delivered to the Missouri Department of Corrections on June 5, 1996. Movant later filed a "Motion for Leave of Court to Clarify Typographic Error" alleging he erroneously typed the date June 5, 1995, in paragraph 4B of his motion when it should have reflected a date of delivery of June 5, 1996. The motion court did not rule on any of these motions.

In his sole point on appeal, movant contends the motion court clearly erred in dismissing his motion as untimely because movant pleaded sufficient information regarding his date of delivery to the Missouri Department of Corrections to show his motion was timely filed.

■ At the outset, we must determine which version of Rule 24.035 would apply to movant's motion filed on August 30, 1996. The 1996 version of Rule 24.035 indicates movant's case is governed by the 1995 version of the rule. Rule 24.035(m) (1996). Rule 24.035(b) (1995) provides the motion must be filed "within ninety days after the

movant is delivered to the custody of the department of corrections." In addition, the transitional times listed in Rule 24.035(*l*) do not apply to movant's case, and his time to file a motion would not begin to run until he was physically delivered to the Department of Corrections. *Thomas v. State,* 808 S.W.2d 364, 365–66 (Mo.banc 1991); *Barna v. State,* 918 S.W.2d 417, 418 (Mo.App. E.D.1996). Demonstration of a timely filed *pro se* motion is a condition precedent to pleading a claim for post-conviction relief. Rule 24.035(b); *Martin v. State,* 895 S.W.2d 602, 604 (Mo. App. E.D.1995).

■ Movant did file pleadings demonstrating a timely filing of his Rule 24.035 motion. While the first page of movant's original *pro se* motion contains an alleged date of delivery of June 5, 1995, the same motion also asserts movant was released from his federal sentence on June 4, 1996, and was transferred to the custody of the Department of Corrections on June 5, 1996. Later, movant responded to the state's motion to dismiss by asserting the date of June 5, 1995, was a typographical error and he was delivered into custody on June 5, 1996. He attached a document that purported to support his contention. The state offered no response to movant's motion, and no evidence on the issue was presented before the motion court entered its order of dismissal. We find movant pleaded sufficient information to prevent, without the introduction of additional evidence, an outright dismissal of his motion as untimely. *Martin,* 895 S.W.2d at 604; *See also, McCoo v. State,* 844 S.W.2d 565, 568 (Mo.App. S.D.1992).

Therefore, we reverse and remand for a hearing at which time the parties can present evidence concerning the date of delivery to determine whether movant's *pro se* motion was timely filed. If timely, then the motion court shall proceed to the determination of whether an evidentiary hearing is necessary on the motion, in addition to inquiring into the performance of post-conviction counsel to determine whether counsel has complied with Rule 24.035(e) or has abandoned movant. *Moore v. State,* 934 S.W.2d 289, 291–92 (Mo. banc 1996); *Luleff v. State,* 807 S.W.2d 495, 498 (Mo.banc 1991); *Sanders v. State,* 807

S.W.2d 493, 495 (Mo.banc 1991). If movant's motion was not timely, the motion court shall dismiss the motion. *Martin*, 895 S.W.2d at 604.

Based on the foregoing, the judgment is reversed and remanded.

GRIMM, P.J., and PUDLOWSKI, J., concur.