Cregg A. GOODWIN, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 29880.

Missouri Court of Appeals, Southern District, Division One.

May 28, 2010.

---

Nancy A. McKerrow, Columbia, for Appellant.

Chris Koster, Atty. Gen. and John W. Grantham, Jefferson City, for Respondent.

ROBERT S. BARNEY, Judge.

Appellant Cregg A. Goodwin ("Movant") appeals the motion court's denial following an evidentiary hearing of his "First Amended Motion to Vacate, Set Aside, and/or Correct Judgment and Sentence and Request for Evidentiary Hearing" filed pursuant to Rule 24.035.[1] On November 27, 2007, Movant pled guilty to two counts of the Class A felony of attempted robbery in the first degree, violations of section 569.020; two counts of the unclassified felony of armed criminal action, violations of section 571.015; and one count of the Class B felony of assault in the first degree, a violation of section 565.050. He was then sentenced by the trial court to concurrent sentences of fifteen years imprisonment for each of the two attempted robbery charges and the assault charge. He was also sentenced to five years for each of the two armed criminal action counts with those sentences to run concurrently to each other and consecutively to the fifteen year sentences on the other counts.

In his sole point relied on, Movant asserts the motion court erred in denying his Rule 24.035 motion in that he was denied effective assistance of counsel based on his counsel's recitation of the possible range of punishment. We affirm.

At the outset we note that Movant, with admirable candor, admits that the claim he raises in this appeal was not set out in his amended motion and was, thus, not addressed by the motion court in its findings. Accordingly, he requests plain error review pursuant to Rule 84.13(c). However, "[c]laims not presented to the motion court cannot be raised for the first time on appeal." *Day v. State*, 208 S.W.3d 294, 295 (Mo.App.2006) (applying Rule 24.035); *Cloyd v. State*, 302 S.W.3d 804, 807–08 (Mo.App.2010) (applying Rule 29.15).

*McCoo v. State*, 844 S.W.2d 565 (Mo.App.1992), which was cited in his brief, is of no assistance to Movant. "Reversal in *McCoo* was not for plain error in denying relief on an unpled ineffective assistance claim, but instead because the motion court held the motion was time-barred—a holding unrelated to the merit of any ground for postconviction relief." *Ainsworth v. State*, 930 S.W.2d 514, 516

---

1. All rule references are to Missouri Court Rules (2010) and all statutory references are to RSMo 2000.

(Mo.App.1996); *see also Cloyd*, 302 S.W.3d at 808 (holding that *"McCoo* has no application to a situation where a defendant has simply failed to raise a matter in his [postconviction] motion that on reflection he wishes he had asserted"). Rule 24.035(d) clearly requires that the postconviction motion must include all claims and those not raised in the motion are waived. *Johnson v. State*, 921 S.W.2d 48, 50 (Mo. App.1996). "This rule applies to requests for plain error review since there is no such thing as plain error in postconviction relief cases." *Johnson v. State*, 941 S.W.2d 827, 830 (Mo.App.1997) (applying Rule 24.035) (internal citation omitted). We cannot grant Movant plain error review. *Ainsworth*, 930 S.W.2d at 515. Point denied.

The findings of fact and conclusions of law of the motion court are affirmed.

BATES, P.J., and BURRELL, J., concurs.