Ricki Lee SEARCY, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 55122.

Missouri Court of Appeals,
Western District.

Sept. 29, 1998.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 24, 1998.

Application for Transfer Denied
Jan. 19, 1999.

Amy M. Bartholow, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Eva C. Sterner, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and HANNA and EDWIN H. SMITH, JJ.

ULRICH, Presiding Judge.

Ricki Lee Searcy appeals the motion court's denial of his Rule 24.035 motion for postconviction relief following an evidentiary hearing. Mr. Searcy pleaded guilty to violating a full order of protection, section 455.085, RSMo 1994, on August 8, 1995. As a result of the plea, he received a suspended imposition of sentence and was placed on probation for three years. Mr. Searcy's probation was revoked on April 8, 1996, and he was sentenced to four years imprisonment. On appeal, Mr. Searcy claims that (1) his guilty plea was not voluntary because it was coerced by the guardian ad litem in his divorce case and by the plea court and resulted from his lack of counsel; (2) the plea court lacked jurisdiction to accept the plea because another indictment alleging the same crime

had previously been filed in Clinton County; and (3) sufficient factual basis for his plea was not established. The denial of Mr. Searcy's Rule 24.035 motion for postconviction relief is reversed. The judgment of conviction is vacated.

On August 11, 1994, Appellant Ricki Lee Searcy's wife, Hannah Searcy, obtained an ex parte order of protection against Mr. Searcy in the Circuit Court of Ray County. Four days later, Mrs. Searcy filed a petition for dissolution of marriage. A full order of protection was entered on August 22, 1994. The order provided that Mr. Searcy shall not abuse, threaten to abuse, molest, disturb the peace, or enter upon the premises of the dwelling of Mrs. Searcy. The order also awarded custody of the couple's two minor children to Mrs. Searcy. No visitation rights were awarded to Mr. Searcy.

Soon after the entry of the order, Mr. Searcy was charged with the class A misdemeanor violation of a full order of protection. He pleaded guilty to the charge on August 31, 1994. Three months later, on November 12, 1994, Mr. Searcy drove to Clinton County where Mrs. Searcy lived with her boyfriend and, while Mrs. Searcy was at work, picked up the children born to Mr. and Mrs. Searcy. The Clinton County prosecutor charged Mr. Searcy on November 23, 1994, with violating the full order of protection entered by the Circuit Court of Ray County for entering the dwelling of Mrs. Searcy and interfering with the custody of the two minor children.

On December 19, 1994, Mrs. Searcy filed a motion for contempt of court in Ray County against Mr. Searcy. The motion was heard on January 6, 1995, and the court found Mr. Searcy not to be in contempt. The court then ordered Mr. Searcy to deliver the children to Mrs. Searcy's attorney's office the next day. Mr. Searcy did not, however, comply with the court's oral order of January 6, 1995, and was found to be in civil contempt on January 24, 1995. The court ordered Mr. Searcy to pay a fine of $100 per day starting January 24, 1995, until he delivered the children to Mrs. Searcy. Mr. Searcy surrendered the children on February 17, 1995.

On April 4, 1995, the prosecutor of Ray County filed the information in the instant case alleging that Mr. Searcy violated the full order of protection by failing to return the custody of the children to Mrs. Searcy on January 7, 1995. Mr. Searcy pleaded guilty to the class D felony charge on August 14, 1995. Mr. Searcy was not represented by an attorney at the plea, but the court found that the plea was voluntarily made with a full understanding of constitutional rights and consequences of the plea. The court suspended imposition of sentence and placed Mr. Searcy on probation for three years. The Clinton County prosecutor entered a nolle prosequi on October 4, 1995, in the case filed in that county.

In April 1996, Mr. Searcy appeared before the trial court in Ray County for a probation revocation hearing. The court revoked Mr. Searcy's probation for violation of condition number 4–employment, condition number 8–reporting, and for threatening a probation officer. The court then sentenced Mr. Searcy to four years imprisonment.

Mr. Searcy filed a timely Rule 24.035 motion on May 9, 1996, to vacate, set aside, or correct the judgment or sentence. An amended motion was filed by counsel on Mr. Searcy's behalf. The motions alleged, *inter alia*, (1) that Mr. Searcy's guilty plea was coerced, (2) that venue was improper and that Mr. Searcy was subjected to double jeopardy in that the Clinton County prosecutor entered a nolle prosequi for the same offense in that county, and (3) that no factual basis to support the plea was found by the court. Following an evidentiary hearing at which only Mr. Searcy testified, the Rule 24.035 motion was denied. This appeal followed.

In Mr. Searcy's second point on appeal, he claims that the plea court lacked jurisdiction to accept the plea because another indictment alleging the same crime had previously been filed in Clinton County and was still pending when the Ray County indictment was filed. The jurisdictional issue is dispositive, and the other points on appeal are not addressed.

Initially, the State argues that Mr. Searcy failed to preserve this point for appellate review. A defendant, however, may for the first time on appeal raise the issue of the trial court's jurisdiction to try the case. *State v. Parkhurst*, 845 S.W.2d 31, 35 (Mo. banc 1992). Mr. Searcy's claim that the plea court lacked jurisdiction to accept his plea is, therefore, reviewable on this appeal.

The term "jurisdiction," as applied to criminal courts, refers to the power of a

court to hear and resolve the case of a criminal offense, to render a valid judgment, and to declare punishment.[1] *State v. Drinkard,* 750 S.W.2d 630, 632 (Mo.App.1988); 22 C.J.S. *Criminal Law* § 149 (1989). In Missouri, circuit courts have original jurisdiction "over all cases and matters, civil and criminal." Mo. CONST. art. V., § 14; § 478.070, RSMo 1994. Circuit courts have exclusive jurisdiction in all cases of felony, misdemeanor, and infractions. § 541.020, RSMo.1994. A person accused of committing a criminal offense shall be prosecuted in the county in which the offense is committed. § 541.033(1), RSMo 1994. If the offense is committed partly in one county and partly in another county, or if the elements of the crime occur in more than one county, then the prosecution may be had in any of the counties where any element of the offense occurred. § 541.033(2), RSMo 1994.

■ Where several courts have concurrent jurisdiction of the same offense, the court in which the prosecution of the criminal offense is first commenced by the filing of an indictment or information retains jurisdiction and control of the cause to the exclusion of any other court so long as the cause is pending and undisposed of. Rule 23.10; § 545.010, RSMo.1994. Likewise, if there are two or more indictments or informations pending against an accused for the same offense in the same court, the indictment or information last found suspends proceedings upon those previously found. Rule 23.10. Rule 23.10 and section 545.010, RSMo 1994, were de-

signed to prevent the defendant from being prosecuted for the same crime in more than one court having concurrent jurisdiction. Where the court in which the prosecution of the criminal offense is first commenced voluntarily dismisses or abandons the prosecution, the other court regains the right to exercise its jurisdiction. Rule 23.10; § 545.010, RSMo 1994; 22 C.J.S. *Criminal Law* § 151(a) (1989). *See also State v. Thomas,* 625 S.W.2d 115, 125 (Mo.1981) (where a case that was originally transferred from Jackson County to St. Louis County on a change of venue motion was dismissed because of certain technical defects in the first indictment, Jackson County could re-indict the defendant following the dismissal in St. Louis County; the change of venue had no effect on the jurisdiction of Jackson County after the indictment in St. Louis County was dismissed).

■ In this case, Ray County and Clinton County had concurrent jurisdiction over the offense for which Mr. Searcy was charged, violation of the full order of protection for interfering with the custody of his two minor children. The full order of protection was entered in Ray County, and Mr. Searcy originally obtained his children from Mrs. Searcy's boyfriend's house in Clinton County. Mr. Searcy was originally charged by indictment in Clinton County on November 23, 1994. He was charged by indictment with the same offense [2] in Ray County on April 4, 1995, while the Clinton County case was still pending. By commencing the criminal prosecution first, Clinton County retained juris-

---

1. "Venue," on the other hand, refers to the particular locality or place in which the prosecution must occur. *Drinkard,* 750 S.W.2d at 632; 22 C.J.S. *Criminal Law* § 149 n. 19 (1989).

2. The State argues that Clinton and Ray County did not charge Mr. Searcy with the same offense because (1) Clinton County charged him with a class A misdemeanor while Ray County charged a class D felony and (2) the Clinton County charge alleged the violation of the full order of protection occurred on November 12, 1994, while the Ray County charge alleged a violation on January 7, 1995. The State's argument, however, is without merit. First, section 455.085.8, RSMo 1994, contains its own punishment enhancement provision. It provides that a violation of a full order of protection shall be a class A misdemeanor unless the respondent has previously been found guilty of violating an ex parte

or full order of protection within five years of the date of the subsequent violation, in which case the subsequent violation shall be a class D felony. The classification of the violation of a full order of protection as a class D felony rather than a class A misdemeanor only enhances punishment; it does not change the charge of violation of a full order of protection. *See State v. Adams,* 741 S.W.2d 781, 785 (Mo.App.1987) (where the classification of a first degree assault as a class A felony rather than a class B felony only enhances punishment). Secondly, Mr. Searcy was alleged to have removed his children from Mrs. Searcy's custody on November 12, 1994. The children were not surrendered until February 17, 1995. The alleged violation of the order of protection continually occurred from November 12, 1994, to February 17, 1995. The two charges charging a violation on different dates within this time period did not charge two separate offenses. To

diction and control of the cause to the exclusion of any other court including Ray County so long as the cause was pending. The Circuit Court of Ray County, therefore, because of Rule 23.10 and section 545.010, RSMo 1994, did not have jurisdiction to entertain the charge filed in that county against Mr. Searcy on April 4, 1995, while the cause in Clinton County was still pending. Although the Clinton County prosecutor eventually entered a nolle prosequi [3] in the case in October 1995, whereby Ray County regained the right to exercise its jurisdiction, the case in Clinton County was undisposed of at the time the indictment was filed in Ray County. Ray County, therefore, did not have jurisdiction to accept Mr. Searcy's guilty plea in this case. The denial of Mr. Searcy's Rule 24.035 motion for postconviction relief is reversed. The judgment of conviction is vacated.

All concur.

say that a separate violation occurred each day the children were in Mr. Searcy's custody would be preposterous.

**3.** A nolle prosequi is a formal oral or written entry on the record by the prosecutor indicating that he will not proceed in the prosecution and results in a dismissal without prejudice unless defendant's double jeopardy rights bar reprosecution. *State v. Smith,* 907 S.W.2d 301, 302 (Mo.App.1995).