Charles David ANGLIN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 63733.

Missouri Court of Appeals,
Western District.

March 15, 2005.

Jeannie Marie Willibey, Asst. Appellate Defender, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Lisa M. Kennedy, Asst. Attorney General, Jefferson City, for respondent.

Before ROBERT G. ULRICH, P.J., JAMES M. SMART, JR., and JOSEPH M. ELLIS, JJ.

PER CURIAM.

Charles Anglin appeals the denial of his Rule 29.15 motion. Anglin's motion charged his appellate attorney with ineffective assistance for failing to challenge the denial of his motion to suppress incriminating statements he had given to the police prior to receiving *Miranda* warnings. We affirm.

We view the evidence at trial in the light most favorable to the verdict. *See State v. Hall,* 982 S.W.2d 675, 680 (Mo. banc 1998).

The evidence showed that Anglin and his accomplice arrived at a car wash with the intent of stealing a car. When they saw the victim washing his car, Anglin shot him with a shotgun. Then, the accomplice shot and killed him with a .357 magnum. Anglin looked for the keys to the victim's car but could not find them. Then, the two men stole the victim's wallets and took off running.

One day later, the police received information of a shotgun stock located on the ground near Anglin's apartment building. An officer knocked on Anglin's door and asked him if he had noticed the shotgun stock in the yard behind his building. Anglin said that he had not noticed it.

The next day, or two days after the murder, the police also learned that a warrant had been issued for Anglin because he had violated a probation and parole agreement.[1] At that time, Anglin was also a suspect in the car wash murder. The police went to Anglin's apartment and arrested him for the probation and parole violation.

After they handcuffed Anglin, they asked him if he had a gun. Anglin answered yes and told him it was in his pocket. An officer seized the handgun, which was a loaded .357 Magnum. Another officer knew that two weapons had been used in the car wash murder. So that officer immediately asked, "Where's the shotgun?" Anglin said it was in the woods and walked them toward the area. Officers eventually found pieces of the shotgun, which Anglin had disassembled, scattered in different areas around his apartment building.

Meanwhile, as the officers walked with Anglin to the woods, they gave him *Miranda* warnings. Anglin agreed to talk. He described how the murder occurred and admitted his involvement in it. About one hour later, during a police department interview, Anglin gave videotaped and written statements, again admitting his involvement. This interview was conducted after Anglin had waived his *Miranda* rights.

Before trial, Anglin filed a "motion to suppress statements," claiming that the written and videotaped confessions were involuntary. The trial court denied the motion. A jury convicted Anglin of first-degree murder, § 565.020, and first-degree robbery, § 569.020. The trial court sentenced him to life imprisonment without parole and thirty-years' imprisonment, respectively.

---

1. Anglin had been on probation for a third-degree assault conviction and on parole for a burglary conviction.

Anglin appealed to this court, and we affirmed his convictions and sentences. *State v. Anglin,* 45 S.W.3d 470 (Mo.App. 2001). Anglin timely filed a *pro se* Rule 29.15 motion for post-conviction relief, and appointed counsel filed an amended motion. The motion court denied the 29.15 motion, and this appeal follows.

■ Anglin contends that the motion court clearly erred in denying his claim that appellate counsel was ineffective for failing to challenge a *Miranda* violation. At trial, Anglin filed a motion to suppress the incriminating statements he had made to the police following his arrest. Had appellate counsel raised on appeal the denial of the motion to suppress and the admission of the contested evidence at trial, Anglin says, we would have reversed the convictions.

■ Appellate counsel does not have a duty to raise every non-frivolous claim of error. *Jones v. Barnes,* 463 U.S. 745, 754, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Thus, an ineffective assistance charge against appellate counsel requires a showing that counsel failed to assert a claim of error that would have required reversal. *Moss v. State,* 10 S.W.3d 508, 514 (Mo. banc 2000) (*quoting Reuscher v. State,* 887 S.W.2d 588, 591 (Mo. banc 1994)). And that claim must have been so obvious from the record that a competent and effective attorney would have asserted it. *Id.* The claim of error upon which Anglin's ineffective assistance charge rests does not meet this standard.

The point relied on not only asserts that appellate counsel should have challenged the ruling on the motion to suppress, but also the *admission* of the incriminating statements. The admission of evidence is an appealable issue because it is the admission of the evidence that causes the damage to the defendant. *See State v. Lacy,* 851 S.W.2d 623, 626 (Mo.App.1993). Thus, on appeal, Anglin alleges a possible claim of error that appellate counsel may have been obligated to assert.

■ However, our review is limited to the court's ruling on the claims asserted in the 29.15 motion. Any allegations or issues that are not raised in the Rule 29.15 motion are waived on appeal. *State v. Clay,* 975 S.W.2d 121, 141 (Mo. banc 1998). Anglin's *motion* charged appellate counsel only with ineffective assistance for "failing to raise ... that the trial court erred in overruling Movant's Motion to Suppress." It did not allege that appellate counsel should have challenged the court's *admission* of the contested evidence.

■ A denial of a motion to suppress is interlocutory and, therefore, is subject to change during trial. *State v. Hensley,* 83 S.W.3d 681, 688 (Mo.App.2002). Sometimes an appellate court may, in reviewing a challenge to the admission of evidence, use language suggesting it is reviewing the denial of a motion to suppress. The traditional rule, however, is that the denial of a defendant's motion to suppress preserves nothing for appeal.[2] *Id.* In essence, then,

**2.** Sometimes courts talk about reviewing the denial of a defendant's "motion to suppress" on a defendant's direct appeal. Those are often cases where the defendant's real complaint was the admission of evidence at trial, and where a proper objection was made at trial. *See, e.g., State v. Deck,* 994 S.W.2d 527, 534 (Mo. banc 1999); *State v. Rousan,* 961 S.W.2d 831, 845 (Mo. banc 1998). The State, of course, has been granted the right to appeal the *grant* of a motion to suppress, even though the ruling is interlocutory. § 547.200.1. *See, e.g., State v. Pattie,* 42 S.W.3d 825 (Mo.App.2001). It is easy to confuse the fact that the State has a right to appeal the *grant* of a motion to suppress with an assumed defendant's right. The defendant, however, has no similar right to appeal an interlocutory ruling, even after conviction. It is the admission of the evidence at trial, not

Anglin's 29.15 motion charged appellate counsel with ineffective assistance for his failure to argue a fatally defective claim.

Also, the motion to suppress at issue did not deal with the specific issues Anglin raised in his 29.15 motion and in this appeal. Here, Anglin argues that the statements concerning weapons should have been suppressed because he made them prior to receiving his *Miranda* warnings. He also alleges that the subsequent statements, including the written and videotaped confessions, were tainted by the earlier *Miranda* violation.

However, the motion to suppress did not raise these issues. The motion challenged "all statements, both *written and videotaped*," that Anglin gave to the police. (Emphasis added). The statements Anglin gave to the police before he received the warnings were neither written nor videotaped. Thus, the motion to suppress failed to challenge these statements. And while the motion to suppress the written and videotaped statements cited *Miranda*, the challenge was not based on the absence of warnings. Rather, the motion argued that the written and videotaped statements constituted an involuntary confession under the totality of the circumstances, citing *State v. Lytle,* 715 S.W.2d 910, 915 (Mo. banc 1986), and *State v. Flowers,* 592 S.W.2d 167, 169 (Mo. banc 1979).

Indeed, the record confirms that the trial court viewed the motion to suppress in the same way. In denying the motion, the court's sole finding was that "the statements were voluntarily made." Thus, even if we were to treat the denial of a motion to suppress as an appealable issue, Anglin has not alleged a possible claim of error with regard to that denial. This is because the issue of whether the *statements concerning weapons* were illegally obtained

was not before the court in the motion to suppress. Nor was the issue of whether the later confessions, obtained after Anglin waived his rights, were tainted by an earlier *Miranda* violation.

■ The 29.15 motion could have asserted that appellate counsel should have challenged the *admission* of these statements at trial. Even if it had, though, a close review of the record reveals that appellate counsel would have faced an uphill battle because the issue was not preserved for appellate review. A specific objection is required when the challenged evidence is offered at trial. *State v. Williams,* 9 S.W.3d 3, 11 (Mo.App.1999). Here, when the arresting officer testified to Anglin's incriminating oral statements, no objection was made.

There were objections when the videotaped and written confessions were introduced. The basis of these objections, however, was not that the confessions were obtained illegally because of a prior failure to give *Miranda* warnings. Rather, the objections were based on the argument set forth in the motion to suppress, i.e., the confessions were involuntary under the totality of the circumstances. Thus, the admission of the contested statements on the grounds of a *Miranda* violation was not preserved for review. Indeed, appellate counsel's testimony at the hearing was that one of the reasons he did not raise this issue was that it was not preserved.

■ Appellate counsel, then, would have been able only to challenge the admission of the evidence as a matter of "plain error" pursuant to Rule 30.20. "Plain error" is evident, obvious, and clear error. *State v. Rogers,* 51 S.W.3d 879, 880 (Mo.App.2001). It is not at all clear that the police questioning in this case constituted a *Miranda* violation. Although Ang-

the denial of the motion to suppress, that is appealable after conviction.

lin was in police custody, officers may ask about weapons for purposes of safety in connection with making an arrest. *New York v. Quarles,* 467 U.S. 649, 655, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984). *Miranda* warnings need not precede the questions as long as they are reasonably prompted by a concern for the public safety. *Id.* at 656, 104 S.Ct. 2626. Here, the questions of the arresting officers were consistent with such a concern.

Before giving the warnings, the officers asked only those questions necessary to elicit the location of the weapons. *See State v. Turner,* 716 S.W.2d 462, 466 (Mo. App.1986) (involving a brief question for the limited purpose of neutralizing a potentially dangerous situation). The first question—whether Anglin had a weapon on his person—was necessary to secure the officers' safety. The subsequent discovery of the .357 Magnum did not terminate any exigency because the arresting officers knew that two guns had been used in the crime.

The officers also knew that a shotgun stock had been found near Anglin's residence. The possibility that the operational part of the shotgun had been hidden near the residence posed a potential danger to the public. *See Quarles,* 467 U.S. at 657, 104 S.Ct. 2626 (describing danger that gun concealed in supermarket posed to the public). Indeed, the gun's parts were found scattered in places where a member of the public could have come upon them. The forearm to the shotgun and the ammunition were found in the woods, and the trigger and hammer assembly was found in a wooded area outside Anglin's residence. Like the first question, the second question to locate the shotgun arguably was reasonably prompted by the public safety.

It is not at all clear and obvious that the admission of the evidence in question was erroneous. Nor is it clear that the trial judge should have *sua sponte* intervened to preclude its admission. Accordingly, the trial court did not clearly err in concluding that appellate counsel had no duty to make such a challenge.

We will not overturn the motion court's decision unless we are left with a definite and firm belief that the motion court erred. *Moss v. State,* 10 S.W.3d 508, 511 (Mo. banc 2000). Because we are not left with that belief here, the judgment is affirmed.