Orlando D. HAYES, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 70231.

Missouri Court of Appeals,
Western District.

Dec. 15, 2009.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 2, 2010.

Mark A. Grothoff, Assistant State Public
Defender, Columbia, MO, for Appellant.

Chris Koster, Attorney General, Daniel
N. McPherson, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division III: MARK D.
PFEIFFER, Presiding Judge, and
KAREN KING MITCHELL and
CYNTHIA L. MARTIN, Judges.

MARK D. PFEIFFER, Presiding Judge.

Orlando D. Hayes (Hayes) appeals the trial court's order denying his Rule 29.15[1] motion in which he alleged that he received ineffective assistance of trial counsel and appellate counsel. On appeal, he presents one point in which he claims that the motion court erred in overruling his Rule 29.15 motion because the record at the evidentiary hearing established that his trial counsel was ineffective for failing to file a motion to dismiss the kidnapping charge in Howard County, which was later transferred to Cooper County, on the basis that, pursuant to Rule 23.10, both Howard County and Cooper County lacked jurisdiction over him.

Hayes and the victim dated from 1998 to 2004. During this time, they lived in either Columbia or St. Louis. They also had one child together. In 2004, they broke off their relationship and the victim moved to Kansas City.

On June 11, 2004, Hayes traveled to Kansas City to abduct the victim. He broke into her house and found the victim sleeping in her bedroom. He woke her and taped her arms and legs together. He also hit her in the head with a hammer. He put the victim in his vehicle and drove away. The victim passed out. When she woke up, she was lying on top of the vehicle and Hayes was having sex with her. After he finished having sex with her, Hayes ordered her back into the vehicle and he drove away. After driving around for a while, Hayes stopped the vehicle and told the victim that he would let her go if she had sex with him again. The victim complied.

Afterwards, Hayes ordered the victim out of the vehicle. She started to walk away but turned around and saw that Hayes had pulled a gun on her. The victim then told Hayes that she would stay with him and that she would move to St. Louis with him. Hayes told her to get back in the vehicle and they drove to Columbia to pick up their daughter. While in Columbia, the victim was able to escape when Hayes went into his relative's house to pick up their daughter. The victim notified the police and the police arrested Hayes.

On June 12, 2004, the State filed a complaint against Hayes in the Circuit Court of Jackson County. In the complaint, the State alleged that Hayes had committed the crimes of kidnapping and burglary. A few weeks later, on June 25, 2004, the State filed a complaint in Howard County in which it alleged that Hayes had committed the crimes of kidnapping and forcible rape. The State amended its Howard County complaint to an information on August 18, 2004. The Howard County case was eventually transferred to Cooper County. In Cooper County, the State prosecuted Hayes for kidnapping and forcible rape. After the presentation of evidence, the jury convicted him of both charges. On November 4, 2005, the Circuit Court of Cooper County entered judgment against Hayes and sentenced him to ten years on the kidnapping charge and fifteen years on the forcible rape charge.

On November 4, 2005, Hayes's Jackson County case was bound over for indictment, and the Grand Jury of Jackson County indicted Hayes for kidnapping and burglary. The Grand Jury re-indicted him for burglary, felonious restraint, and domestic assault on September 29, 2006.

1. All rule references are to Missouri Rules of Criminal Procedure, 2009, unless otherwise indicated.

Hayes and the State then entered into a plea agreement in which Hayes agreed to plead guilty to domestic assault and the State agreed to dismiss the burglary and felonious restraint charges. On December 6, 2006, Hayes pleaded guilty to domestic assault, and the trial court entered judgment against him and sentenced him to a term of five years.

On April 17, 2007, Hayes filed a *pro se* Rule 29.15 motion. His counsel filed an amended motion on July 23, 2007, in which he alleged that his trial counsel was ineffective for failing to file a motion to dismiss the Howard County kidnapping charge on the basis that, by filing a complaint in Jackson County, Jackson County had exclusive jurisdiction on the kidnapping charge. In the motion, Hayes also alleged that his appellate counsel was ineffective for failing to raise the issue on appeal. The motion court held an evidentiary hearing on September 8, 2008. On September 12, 2008, the motion court issued an order denying his claim. This appeal follows.

In his sole point on appeal, Hayes claims that the motion court erred in overruling his Rule 29.15 motion because the record at the evidentiary hearing established that his trial counsel was ineffective for failing to file a motion to dismiss the kidnapping charge in Howard County on the basis that Howard County lacked jurisdiction over him on that charge. Specifically, he claims that, pursuant to Rule 23.10, Howard County and Cooper County lacked jurisdiction over him on the kidnapping charge because Jackson County had already filed a complaint against him for the same offense. Hayes also claims that his appellate counsel was ineffective for failing to raise this issue on appeal.

According to Rule 29.15(k), our review is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Error is clear only if, after a review of the entire record, we have a definite and firm impression that the trial court made a mistake. *State v. Johnson*, 901 S.W.2d 60, 62 (Mo. banc 1995).

At the motion hearing, Hayes's burden was to establish by a preponderance of the evidence that his counsel's representation was ineffective. Rule 29.15(i). He was obligated to show that his counsel did not "exercise the customary skill and diligence that a reasonably competent attorney would [have] exercis[ed] under similar circumstances" and that his counsel's failures prejudiced his case. *State v. Harris*, 870 S.W.2d 798, 814 (Mo. banc 1994) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Hayes's burden was to establish both his counsel's deficient performance and prejudice. *Clayton v. State*, 63 S.W.3d 201, 206 (Mo. banc 2001).

To satisfy the performance prong of the *Strickland* test, Hayes "must overcome the presumptions that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997). Hayes faces a heavy burden in establishing a claim for ineffective assistance of counsel and must overcome the presumption that his counsel is competent. *State v. Nunley*, 980 S.W.2d 290, 292 (Mo. banc 1998).

To satisfy the prejudice prong of the *Strickland* test, Hayes "must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Simmons*, 955 S.W.2d at 746. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

Our standard for a claim of ineffective assistance of appellate counsel is essentially the same standard that we employ in ineffective assistance of trial counsel cases. *Evans v. State*, 70 S.W.3d 483, 485 (Mo. App.2002). Hayes, therefore, must show deficient performance of counsel and resulting prejudice. *Id.* As the Missouri Supreme Court explained in *Moss v. State*, 10 S.W.3d 508, 514–15 (Mo. banc 2000) (citation omitted):

> To support a [Rule 29.15] motion due to ineffective assistance of appellate counsel, strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it. The right to relief ... due to ineffective assistance of appellate counsel inevitably tracks the plain error rule; *i.e.*, the error that was not raised on appeal was so substantial as to amount to a manifest injustice or a miscarriage of justice.

■ In numerous cases, two or more counties may have subject matter and personal jurisdiction over the same case. *See, e.g.*, *Kelly v. Kelly*, 245 S.W.3d 308, 313 (Mo.App. W.D.2008). In these cases, the exercise of the court's authority is controlled by the principle of priority. *In re Care and Treatment of Lieurance*, 130 S.W.3d 693, 697 (Mo.App. S.D.2004); *see also* 20 AM.JUR.2D COURT § 88 (2005). According to this principle, the court that first exercises its jurisdiction acquires the priority to proceed in the case even though another court in the same state may also have jurisdiction in the matter. *Lieurance*, 130 S.W.3d at 697; *see also* 20 AM.JUR.2D COURT § 88.

■ The first court's exercise of jurisdiction, however, does not strip the other court of its jurisdiction. *Kelly*, 245 S.W.3d at 313–14. Rather, the court's use of the priority principle is simply a tool to determine which court can exercise its jurisdiction when numerous courts have jurisdiction over the same action. *Id.* The other court still has jurisdiction over the action but its exercise of jurisdiction is subservient to the first court's exercise of jurisdiction. *Id.*

In Missouri, Rule 23.10 governs the law of concurrent jurisdiction in criminal proceedings and states that:

**23.10. Misdemeanors or Felonies— Indictments or Information—Two or More For the Same Offense**

(a) Offense that can be Commenced in More than one County. If a criminal proceeding is commenced in a court having jurisdiction thereof, no other action for the same offense shall be commenced in a court in a different county so long as the criminal proceeding first commenced is pending.

Hence, in Missouri, if two counties have jurisdiction over a criminal offense, the first county to commence the criminal proceeding has the priority to proceed on that offense, and the second county may not commence any action for the same offense so long as the first proceeding is pending.

In this case, the record shows that the State filed its Jackson County complaint against Hayes for kidnapping on June 12, 2004, but did not file its indictment until November 4, 2005. The record also shows that the State filed its Howard County complaint for kidnapping on June 25, 2004, and its information on August 18, 2004. Thus, the record establishes that Jackson County was the first county to file a complaint against Hayes for kidnapping but Howard County was the first county to file an information against him on that charge. Hence, we must determine whether or not the State's filing of a complaint in Jackson

County commenced criminal proceedings against Hayes in that county. If so, pursuant to Rule 23.10, the State could not file a kidnapping charge against Hayes in any other county as long as the Jackson County kidnapping charge was pending.

■ We believe that Rule 22.01 answers this issue. Rule 22.01 states that "[f]elony proceedings may be initiated by complaint or by indictment." *See also Vaughn v. State,* 763 S.W.2d 232, 236 (Mo.App. W.D. 1988). Of course, a felony proceeding is one type of a criminal proceeding. BLACK'S LAW DICTIONARY 337 (5th ed.1979) (defining "criminal proceeding" as "[o]ne instituted and conducted for the purpose ... [of] fixing the guilt of a crime already committed and punishing the offender; as distinguished from a 'civil' proceeding"). And the terms "commenced" and "initiated" are essentially synonyms. *See* BLACK'S LAW DICTIONARY 243 (5th ed.1979) (defining "commence" as "[t]o initiate by performing the first act"). Thus, from the plain and ordinary language of Rule 22.01, it is clear that the State commences a felony criminal proceeding when it files either a complaint or an indictment.

On appeal, the State concedes that the plain and ordinary wording of Rule 22.01 states that the State initiates a felony proceeding by filing a complaint or indictment. It argues, however, that the State can commence a criminal proceeding only by filing an information or by receiving an indictment from the Grand Jury. In support of its argument, the State points out that the heading to Rule 23.10 uses only the terms "indictment" and "information." Thus, the State argues that the Missouri Supreme Court intended that only an information or indictment could commence a criminal proceeding.

The State is correct that Rule 23.10's heading uses the terms "indictment" and "information" and does not use the term "complaint." The State is also correct that, in some instances, the courts have used the rule's heading to ascertain the intent and purpose of the rule. *See, e.g., State v. Windmiller,* 579 S.W.2d 730, 732 (Mo.App. E.D.1979). In this case, however, to use Rule 23.10's heading to interpret Rule 23.10 as stating that the State commences a criminal proceeding by filing an information or receiving an indictment from the Grand Jury and not by filing a complaint would force us to ignore the plain and ordinary language of Rule 22.01. Thus, in a choice between the rule's heading and another rule, we opt to follow the plain and ordinary language of the other rule.

Our holding is also consistent with case law, which generally holds that, while a complaint is not sufficient, standing alone, to take the matter to trial, it is sufficient to institute criminal proceedings:

A complaint is a pleading by which a criminal action is commenced. It is presented by a public officer upon the officer's oath of office, rather than by a grand jury on their oath....

While there is authority that the filing of a complaint gives the court subject-matter jurisdiction of the offense charged, under a statutory provision, *a complaint is a form of accusatory instrument which is sufficient to commence a criminal proceeding but is jurisdictionally insufficient to take a matter to trial.*

42 CORPUS JURIS SECUNDUM INDICTMENTS § 3 (1989); *People v. Richberg,* 125 Misc.2d 975, 481 N.Y.S.2d 237, 240 (N.Y.Crim.Ct. 1984) (holding that a criminal action commences with the complaint); *see also State v. Rhodes,* 591 S.W.2d 174, 175 (Mo.App. E.D.1979) (holding that the complaint performs the same function as an indictment or information, which is to advise the accused of the charge and enable the magis-

trate to determine whether or not the accused should be bound over to stand trial).

By filing its complaint in Jackson County on June 12, 2004, the State commenced criminal proceedings against Hayes for kidnapping. The State's filing of the complaint granted the Circuit Court of Jackson County priority over other counties to try Hayes for the offense of kidnapping, and Rule 23.10 prohibited all other counties from trying Hayes for that offense. Thus, if any one of Hayes's attorneys would have filed a motion to dismiss the kidnapping charge in Howard County or Cooper County on the basis that Jackson County already had priority over the offense, the trial court would have granted the motion. This, however, does not save the day for Hayes because he has not established that any alleged error by trial counsel has prejudiced him.

■ Hayes concedes that Jackson County, Howard County, and Cooper County originally had personal jurisdiction and subject matter jurisdiction to try him for kidnapping. Hayes contends that Rule 23.10 operated to deprive Howard County and Cooper County of subject matter jurisdiction so long as the kidnapping charge remained pending in Jackson County. In making this argument, Hayes misunderstands the nature of subject matter jurisdiction and the purposes behind Rule 23.10.

In *Webb ex rel. J.C.W. v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), the Missouri Supreme Court noted that a trial court's personal jurisdiction and subject matter jurisdiction derive from constitutional principles. *Webb*, 275 S.W.3d at 252. The Due Process Clause of the United States Constitution governs the trial court's personal jurisdiction and "refers quite simply to the power of a court to require a person to respond to a legal proceeding that may affect the person's rights or interests." *Id.* On the other hand, subject matter jurisdiction refers to the "court's authority to render a judgment in a particular category of case." *Id.* at 253. In Missouri, the trial court's subject matter jurisdiction derives directly from article V, section 14 of the Missouri Constitution, which says that "[t]he circuit courts shall have original jurisdiction over all cases and matters, civil and criminal." Thus, unlike the federal system, where "subject matter jurisdiction is set forth in statutes passed within the authority granted to Congress by article III of the United States Constitution," *id.* at 253, the Missouri Constitution does not empower the legislature or the courts to limit or constrain the subject matter jurisdiction of Missouri's circuit courts. *Id.*

The Missouri Supreme Court noted that prior cases had created another type of subject matter jurisdiction called "jurisdictional competence." *Id.* at 254. A question of "jurisdictional competence" arose when there was no question that the trial court had subject matter jurisdiction over the general issue, but there was question whether or not the particular parties and issues were properly before the court at that time. *Id.* In *Webb*, the Missouri Supreme Court held that "jurisdictional competence" had no basis in the Missouri Constitution and, therefore, was not recognized in Missouri. *Id.* Thus, previous Missouri cases that interpreted statutory or rule restrictions on a trial court's authority to take a certain action in a particular case as a deprivation of the court's "jurisdictional competence" are no longer accurate. *Id.* To hold otherwise would allow courts to use statutory or rule restrictions to erode the constitutional boundary established by article V of the Missouri Constitution. *Id.* Thus, because of the holding in *Webb*, while Cooper County's prosecution of Hayes for kidnapping violated Rule

23.10's priority rule, it is incorrect to state that this violation deprived Cooper County of subjection matter jurisdiction.[2]

Rather, the court's violation of Rule 23.10 was merely an error of law, which the court must subject to the normal prejudice analysis. In that regard, the priority rules are designed (1) to prevent confusion and conflicts in jurisdiction and (2) to prevent the State from trying a person twice for the same offense. *Simmons v. State*, 568 So.2d 1192, 1199 (Miss.1990); *Hodnett v. State*, 787 So.2d 670, 673–74 (Miss.App.2001). The record shows that Hayes's trial counsel's failure to file a motion to dismiss the kidnapping charge in Howard County and Cooper County did not frustrate either of these two purposes.

On appeal, Hayes points to nothing in the record to show that the State's simultaneous filing of kidnapping charges in multiple counties created any confusion between the two counties. Furthermore, even if the State's action did result in confusion, Hayes fails to point out how that confusion resulted in any prejudice to him, or how being tried on the kidnapping charge in Jackson County rather than Cooper County would have altered the outcome of his case. And, in fact, Hayes concedes that he received a fair trial in Cooper County and a fair plea process in Jackson County.

▆ The record also shows that the State's actions did not put Hayes in jeopardy for the same kidnapping offense twice. The undisputed evidence established that, after a jury convicted Hayes of kidnapping in Cooper County, the State dismissed its kidnapping indictment in Jackson County and re-indicted Hayes for felonious restraint. Felonious restraint is not a lesser-included offense of kidnapping. *State v. Harper*, 855 S.W.2d 474, 481 (Mo.App. W.D.1993). Rather, kidnapping and felonious restraint are separate and distinct offenses. *Id.* The State, therefore, never put Hayes in jeopardy for the same offense twice. Thus, his counsel's failure to file a motion to dismiss the Howard County charge of kidnapping did not frustrate the purposes of Rule 23.10. Since Hayes cannot establish that the State's simultaneous filing of kidnapping charges in multiple counties frustrated the purposes of Rule 23.10, he has not established that his trial counsel's error and his appellate counsel's error prejudiced him. The motion court, therefore, did not err in denying his Rule 29.15 motion.

We affirm the motion court's order.

KAREN KING MITCHELL and CYNTHIA L. MARTIN, Judges, concur.

---

**2.** In *Searcy v. State*, 981 S.W.2d 597 (Mo.App. W.D.1998), this court vacated a trial court's judgment accepting the defendant's guilty plea on the basis that the trial court lacked subject matter jurisdiction to accept the plea because another county had previously commenced an action for the same offense. Of course, this predates the Missouri Supreme Court's decision in *Webb ex rel. J.C.W. v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009). *Searcy* represents a "jurisdictional competence" analysis that our Missouri Supreme Court no longer recognizes after the decision in *Webb*.