**Clifton B. CLOYD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 70320.**

Missouri Court of Appeals,
Western District.

Feb. 9, 2010.

Ellen H. Flottman, Columbia, MO, for appellant.

Shaun J. Mackelprang and Daniel N. McPherson, Jefferson City, MO, for respondent.

Before Division Four: THOMAS H. NEWTON, Chief Judge, LISA WHITE HARDWICK, Judge and CYNTHIA L. MARTIN, Judge.

CYNTHIA L. MARTIN, Judge.

Clifton Cloyd appeals the motion court's denial of his Rule 29.15 motion for post-conviction relief following an evidentiary hearing. Cloyd contends that the motion court plainly erred in denying his motion because he received ineffective assistance of counsel at trial as a result of trial counsel's failure to timely object to the introduction of four photographs of guns seized from his residence. This argument was not asserted by Cloyd in his post-convic-

tion motion and is raised for the first time on appeal. We affirm.

## Factual and Procedural History

In September 2002, Clifton Cloyd assaulted a nineteen year old female ("A.W.") he first met the previous week. A.W. claimed that after staying with Cloyd for a week, and upon her request to return home, Cloyd became angry. A.W. claimed Cloyd then physically assaulted her, attempted to force her to perform oral sex, and threatened to kill her while pointing a handgun at her head. A.W. filed a police report. Based on her report, a search warrant was executed and Cloyd's home was searched. Among the items seized during the search were four guns: a black Lorcin handgun, a Smith and Wesson handgun with a black handle, a shotgun, and an assault gun. Cloyd was charged with attempted forcible sodomy, unlawful use of a weapon, and domestic assault in the second degree.

Immediately before trial, Cloyd's trial counsel argued a Motion to Quash the Search Warrant ("Motion to Quash"). The Motion to Quash was treated as a motion to suppress. The Motion to Quash alleged the absence of probable cause to support the search warrant. After hearing testimony from Detective Darin Penrod relating to probable cause issues and the actual search of Cloyd's home, the trial court denied the Motion to Quash.

At trial, A.W. testified without objection that a black handgun was used during her assault. Officer Michael Merino, who first interviewed A.W., then testified without objection that a black handgun was reportedly used during the assault. Detective Penrod then testified that during the search of Cloyd's home four guns were seized. Following this statement, Cloyd's trial counsel renewed the Motion to Quash and entered a continuing objection to the introduction of evidence pertaining to the four guns seized based on the grounds raised in the Motion to Quash. The trial court overruled this objection. Detective Penrod's testimony relating to the four guns continued. The detective described the four guns found at Cloyd's home. Following this testimony, the State showed Detective Penrod four photographs, each a picture of one of the four guns seized. The State moved to admit the photographs into evidence. Cloyd's trial counsel renewed the Motion to Quash and also objected to the photographs as violating the best evidence rule. These objections were overruled.

The State then elicited testimony from Detective Penrod regarding the guns' serial numbers and the fact that each of the four guns was loaded when recovered. At this point Cloyd's trial counsel objected, claiming that the evidence of multiple guns was not relevant as potential crimes evidence and that the prejudicial impact of the evidence of multiple guns outweighed any probative effect. The trial court sustained this objection but noted that the evidence of the four guns was "already before the jury."

A lengthy discussion then ensued between the trial court and counsel involving the admission of the guns themselves into evidence. During that discussion the trial court told Cloyd's trial counsel, "[O]ne problem I have is that you haven't objected and it is already in. I mean it is already before the jury," referring to the fact evidence of the multiple guns recovered from Cloyd's home was already in evidence given ineffective objections previously registered by Cloyd's trial counsel. The trial court ultimately ruled it would permit admission of the two guns which met the general description of the handgun allegedly used in the assault.

The jury ultimately acquitted Cloyd of attempted forcible sodomy and of unlawful use of a weapon. The jury convicted Cloyd of domestic assault in the second degree. Cloyd appealed his conviction and it was affirmed. *State v. Cloyd,* 238 S.W.3d 183 (Mo.App. W.D.2007).

Cloyd filed a pro se Rule 29.15 motion on March 14, 2008. The motion alleged that Cloyd received ineffective assistance of counsel when appellate counsel failed to file a petition for certiorari with the United States Supreme Court. In addition, the motion alleged that the both the trial and appellate court erred in their respective determinations on a substantive issue which had been disposed on direct appeal. The post-conviction motion did not raise an issue with respect to the effectiveness of trial counsel at all, and certainly did not raise trial counsel's failure to timely register proper objections to the admission of evidence relating to multiple guns seized from Cloyd's home. Post-conviction counsel did not file an amended motion.

Following an evidentiary hearing, Cloyd's post-conviction motion was denied. On appeal, Cloyd does not raise the matters alleged in the denied post-conviction motion. Cloyd concedes that the sole issue he has raised on appeal—the ineffective assistance of trial counsel in failing to effectively object to the multiple gun photographs—was not raised in his post-conviction motion. Cloyd contends that he is entitled to plain error review of this unpreserved claim. We disagree.

## Analysis

■ Rule 29.15(d) provides:

The motion to vacate shall include every claim known to the movant for vacating, setting aside, or correcting the judgment or sentence. The movant shall declare in the motion that the movant has listed all claims for relief known to the movant and acknowledging the movant's understanding that the movant waives any claim for relief known to the movant that is not listed in the motion.

Under this rule, claims not presented to the motion court cannot be raised for the first time on appeal. *State v. Clay,* 975 S.W.2d 121, 141 (Mo. banc 1998); *Amrine v. State,* 785 S.W.2d 531, 535 (Mo. banc 1990). "[O]ur review is limited to the court's ruling on the claims asserted in the 29.15 motion. Any allegations or issues that are not raised in the Rule 29.15 motion are waived on appeal." *Anglin v. State,* 157 S.W.3d 400, 402 (Mo.App. W.D. 2005) (citing *Clay,* 975 S.W.2d at 141).

■ Cloyd claims that appellate courts have permitted plain error review in appeals from post-conviction relief. We have previously ruled to the contrary. "Claims that were not presented to the motion court are waived and cannot be raised for the first time on appeal .... [T]hey are not eligible for plain error review under Rule 84.13(c)." *State v. Dees,* 916 S.W.2d 287, 302 (Mo.App. W.D.1995) (citations omitted). Notwithstanding, Cloyd relies on *Searcy v. State,* 981 S.W.2d 597 (Mo. App. W.D.1998), *Ivy v. State,* 81 S.W.3d 199 (Mo.App. W.D.2002), and *McCoo v. State,* 844 S.W.2d 565 (Mo.App. S.D.1992), to suggest that he should be afforded plain error review in this case. The cases relied upon by Cloyd are easily distinguishable and afford Cloyd no assistance.

*Searcy* and *Ivy* involved claims that the trial court lacked jurisdiction to take certain action, employing the hybrid subject

matter jurisdiction concept of "jurisdictional competence." *Ivy,* 81 S.W.3d at 205–06; *Searcy,* 981 S.W.2d at 598–99. At the time, our plain error review of the trial court's jurisdictional competence was permitted by the established principal that subject matter jurisdiction may and should be considered at any stage of the proceedings, even on appeal, regardless whether the issue has been preserved or raised by the parties. *SD Invs., Inc. v. Michael–Paul, L.L.C.,* 157 S.W.3d 782, 785 (Mo. App. W.D.2005). Though that principal remains unchanged, the scope of complaints which fall properly within the boundaries of subject matter jurisdiction has been markedly impacted by our Supreme Court's decision in *Webb ex rel. J.C.W. v. Wyciskalla,* 275 S.W.3d 249 (Mo. banc 2009). In *Webb,* the Supreme Court declared that the concept of "jurisdictional competence" would no longer be recognized as a means of attacking a trial court's subject matter jurisdiction, noting jurisdictional competence relates not to subject matter jurisdiction but, rather, to the power permitted a trial court to take certain action without committing error. *Id.* at 254. Cloyd's contention that his trial counsel was ineffective does not allege a subject matter jurisdiction concern similar to the concerns raised in *Searcy* and *Ivy.* In any event, in light of *Webb,* the jurisdictional analysis employed in *Searcy* and *Ivy* has no continuing precedential relevance.

In *McCoo,* the trial court denied a Rule 24.035 motion after finding the motion was untimely. 844 S.W.2d at 566. The Southern District employed plain error review to reverse after concluding that the record did not support a finding that the post-

conviction motion was untimely. *Id.* at 568. The Southern District's plain error review was not of a newly raised matter concerning the underlying criminal proceeding that could and should have been raised by the defendant in the post-conviction motion. *Id.* Rather, the Southern District was reviewing an issue that arose in the course of the post-conviction proceeding itself, which by its very nature could not have been raised by the defendant in the post-conviction motion as the issue related not to disposition of the motion on its merits, but rather to the trial court's summary disposition of the motion on a procedural technicality. One could argue, in fact, that the Southern District need not have resorted to plain error review to reach its result. The trial court's finding that the post-conviction motion was untimely could have been reviewed using the "clearly erroneous" standard described in Rule 29.15(k).[1] In any event, *McCoo* has no application to a situation where a defendant has simply failed to raise a matter in his post-conviction motion that on reflection he wishes he had asserted.

By seeking plain error review, Cloyd asks us to ignore the plain language of Rule 29.15(d) which clearly advises a defendant that any matter not raised in a post-conviction motion will be waived. Rule 29.15 imposes other restrictions relevant to our evaluation of whether plain error review can be afforded claims not raised in a post-conviction motion. Rule 29.15(*l*) prohibits successive motions and directs they will not be entertained. Rule 29.15(b) requires that a motion must be filed within 180 days of a defendant's delivery into custody of the department of corrections.[2] If plain error review of claims

---

**1.** Rule 29.15(k) provides that "[a]ppellate review of the trial court's action on the motion filed under this Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous."

**2.** Rule 24.035, which addresses post-conviction relief following a plea of guilty, is virtual-

of ineffective assistance of counsel first raised on appeal is permitted, the practical effect will be to circumvent these restrictions as defendants will be asserting new claims which could not have been raised in a successive motion before the trial court, and claims which are more likely than not being raised out of time.

■ In discussing Rule 91 habeas corpus petitions, our Supreme Court has indicated that only in very limited circumstances may relief be sought for matters not timely raised in a post-conviction motion. *Brown v. State*, 66 S.W.3d 721 (Mo. banc 2002). Consistent with our concern that plain error review of unasserted post-conviction claims will circumvent Rule 29.15, the Supreme Court similarly concluded that habeas corpus petitions cannot be used to circumvent the time limit and successive motion constraints set forth in Rule 24.035. *Id.* at 731. The very limited exceptions wherein a habeas corpus petition might be permitted, notwithstanding a defendant's failure to raise a matter otherwise within the province of either Rule 29.15 or Rule 24.035, would require a defendant to assert and prove:

> (1) a claim of actual innocence or (2) a jurisdictional defect or (3)(a) that the procedural default was caused by something external to the defense-that is, a cause for which the defense is not responsible-and (b) prejudice resulted from the underlying error that worked to his actual and substantial disadvantage.

*Id.* Of course, Cloyd has not filed a Rule 91 habeas corpus petition and thus these limited exceptions have no application to our analysis. Though we cannot foreclose Cloyd's right to file a Rule 91 habeas corpus petition in the future, we do express serious reservation about whether the issue newly raised in this appeal would fall within the ambit of *Brown*'s limited exceptions.[3] We conclude that plain error review is not available to Cloyd and provides no safe harbor for a defendant who has failed to raise a specific claim of ineffective assistance of counsel in a post-conviction motion.

■ Even had Cloyd raised his claim of ineffective assistance of counsel in his Rule 29.15 motion, he would have been unable to demonstrate a meritorious basis for vacation of his conviction. Cloyd would have been required to show by a preponderance of the evidence that: (1) trial counsel's performance was deficient because he failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances, and (2) the deficient performance prejudiced Cloyd as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Simmons*, 955 S.W.2d 729, 746 (Mo. banc 1997). It is possible that Cloyd could demonstrate that trial counsel's performance fell below that of a reasonably competent attorney. Trial counsel was clearly attempting to keep the multiple gun evidence from the jury. Counsel failed to timely assert proper objections to the multiple gun evidence, including the four photographs, until much of the complained of evidence was already before the jury.[4] However, even if Cloyd could es-

ly identical to Rule 29.15 and contains provisions which are corollaries to Rule 29.15(b), (d), (k) and (*l*).

**3.** In contrast, *see Zinna v. Steele*, 301 S.W.3d 510 (Mo. banc 2006).

**4.** Often claims of ineffective assistance of counsel due to trial counsel's failure to object are not successful as counsel's trial strategies relating to whether to object are presumed sound and the presumption is difficult to overcome. *Williams v. State*, 205 S.W.3d 300, 305 (Mo.App. W.D.2006). That pre-

tablish *Strickland*'s performance prong, he would be unable to establish the prejudice prong. To establish prejudice, Cloyd would be required to demonstrate a reasonable probability that, but for trial counsel's alleged deficiencies, the result of the proceeding would have been different. *Simmons*, 955 S.W.2d at 746. Here, notwithstanding trial counsel's ineffective objections to the multiple gun evidence, Cloyd was acquitted of attempted forcible sodomy and of the unlawful weapons charge. These charges depended upon for their proof A.W.'s testimony about the use of a gun in Cloyd's purported attempt to force A.W. to perform oral sex upon him. The jury apparently did not believe A.W.'s uncorroborated testimony relating to these two charges. Cloyd was convicted of domestic assault in the second degree. However, A.W.'s physical injuries alone, verified by the contemporaneous observations of the police officers who either took her report or subsequently interviewed her, combined to support this conviction. There is no reasonable probability that but for trial counsel's alleged deficiencies in failing to properly object to the admission of the gun photographs, the result of Cloyd's trial would have been different.

### Conclusion

We affirm the judgment of the motion court denying Cloyd's Rule 29.15 motion. As the grounds for post-conviction relief asserted in the Rule 29.15 motion and determined by the trial court were not raised by Cloyd on appeal, there is no basis for this court to do otherwise. Cloyd's claim on appeal that he received ineffective assistance of counsel due to trial counsel's failure to properly object to the introduction of photographs of multiple guns seized

at his home was not asserted in his Rule 29.15 motion. Pursuant to Rule 29.15(d), this claim has been waived. Plain error review of the claim is not available. Plain error review of claims not raised in a Rule 29.15 motion would circumvent the prohibition against successive motions described in Rule 29.15(*l*), and a defendant's obligation to file a motion within 180 days of delivery into the custody of the department of corrections described in Rule 29.15(b).

All concur.

---

sumption would be easily overcome in a case like Cloyd's where there is little chance trial counsel could argue trial strategy was respon-

sible for repeated efforts to secure exclusion of the multiple gun evidence, albeit through the use of ineffective objections.